Thomas Schreiber, Plaintiff v. William Jeter et al., Defendants.

Argued March 4, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Arlene Glenn Simolike,* for plaintiff.

*Carl Vaccaro,* Deputy Attorney General, with him *John O. J. Shellenberger,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for defendants.

OPINION BY JUDGE CRAIG, May 13, 1982:

Plaintiff Thomas Schreiber, an income maintenance worker with the Pennsylvania Department of Public Welfare (DPW), has filed this original jurisdiction action, for violation of his civil rights under 42 U.S.C. §1983, against defendants DPW, William Jeter and Vertell Jones, formerly DPW employees, and Don Jose Stovall, executive director of the Philadelphia County Board of Assistance. DPW, Jones and Stovall have filed preliminary objections demurring to the complaint.

Schreiber asserts that the defendants have discriminated against him because of his union activities and his "active stance" on office procedures and per-

sonnel policies. Schreiber argues that the defendants have subjected him to discriminatory treatment in an effort to prevent him from exercising his civil rights.

The complaint contains allegations that the defendants changed Schreiber's caseload completely several times over a short period, that each new caseload was larger or more difficult, that the defendants assigned Schreiber a Spanish-speaking caseload although he does not speak Spanish, that because of these caseload changes Schreiber had to work overtime, and that the defendants required Schreiber to keep a minute-by-minute log of his overtime hours. The complaint also contains the allegation that, under color of law, the defendants treated Schreiber differently than other employees.[1]

Schreiber is a classified civil service employee. The Civil Service Act[2] provides an administrative remedy[3] for discriminatory discipline and work assignments. Section 905.1 of the Act[4] states in pertinent part:

No officer or employee of the Commonwealth shall discriminate against any person in . . . any . . . personnel action with respect to the classified service because of . . . non-merit factors.

Schreiber's complaint states a civil service violation.[5]

Not every legally cognizable injury which may have been inflicted by a state official acting under color of law establishes a cause of action under 42 U.S.C. §1983. The complaint contains only general conclusions of

---

[1] Although Schreiber states in his brief that defendants have made notations in his employee record, there is no averment of defamation.

[2] Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§741.1-741.1002.

[3] Section 951(b) of the Act, 71 P.S. §741.951(b).

[4] 71 P.S. §741.905a.

[5] The availability of state remedies adequate to redress the infringement of constitutionally protected rights can negate a remedy under 42 U.S.C. §1983. *Ingraham v. Wright*, 430 U.S. 651 (1977).

law stating that the defendants have violated Schreiber's rights of free speech, association and equal protection. Because the complaint alleges no facts which would show that Schreiber's constitutionally protected liberty or property interests or federal statutory rights have been violated, we decide that no constitutional tort has been pleaded. *Paul v. Davis,* 424 U.S. 693 (1976).

Accordingly, we sustain defendants' demurrer and dismiss the complaint.

### ORDER

Now, May 13, 1982, defendants' preliminary objections, Nos. 20, 21 and 23, are sustained and plaintiff's complaint is hereby dismissed.

Judge MENCER did not participate in the decision in this case.